

**Katten**
Katten Muchin Rosenman LLP

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
212.940.8776 fax

LEAH CAMPBELL
leah.campbell@kattenlaw.com
212.940.6540 direct
212.940.8776 fax

August 17, 2012

By ECF

Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern Disctrict of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re:  *Grosz v. FCI Lender Services*, 12-CV-00006 (AR) (VVP)
     **Defendant's Request for Stay of Discovery on Class Issues**

Dear Judge Pohorelsky,

     This firm has recently submitted an application to substitute Solomon Rosengarten, Esq. as counsel for defendant, FCI Lender Services ("FCI") in the above-captioned matter. This substitution was prompted when FCI learned that Mr. Rosengarten failed to appear at two discovery conferences before Your Honor, which led to the issuance of an Order, dated July 17, 2012, directing FCI to respond to Plaintiff's document requests and answer Plaintiff's interrogatories no later than August 16, 2012. On behalf of FCI, we began rolling production of documents and provided responses to the plaintiff's interrogatories yesterday.

     However, we are writing to request the Court's leave to limit the scope of discovery for this phase of the action to documents relating to the named plaintiff, Eva Grosz. As will be explained more fully below, the basic documentary evidence makes it clear that Ms. Grosz's claim that a Fair Debt Collection Practices Act ("FDCPA") violation occurred is false and is subject to prompt summary dismissal. Therefore, discovery as to potential class issues is an unnecessary and burdensome undertaking that should be deferred until a ruling is entered on Ms. Grosz's individual claim against FCI on summary judgment.

## Background

     FCI is a well-regarded, regulated loan servicing company specializing in distressed loans. FCI assists its customers (typically, lenders, banks, and other loan servicers) by bringing troubled loans into compliance, or by initiating foreclosure or debt collection proceedings where

Viktor V. Pohorelsky
United States Magistrate Judge
Page 2

appropriate. According to FCI's records, Wells Fargo Bank, N.A. issued a second mortgage to Ms. Grosz. FCI's records indicate further that sometime in 2011, Wells Fargo Bank, N.A. sold Ms. Grosz's loan to Tenuh Servicing, Inc. ("Tenuh"), and that Ms. Grosz was substantially delinquent on her loan payments when Tenuh acquired the debt. In or about May 2011, Tenuh contracted with FCI to service Ms. Grosz's loan.

While not mentioned in Ms. Grosz' complaint, FCI sent precisely ten letters and notices to Ms. Grosz, from June 3 through February 5, 2012. As set forth in FCI's June 3, 2011 letter to Ms. Grosz, attached hereto as Exhibit A, in FCI's first contact with Ms. Grosz, FCI provided her with the name of her lender, the outstanding amount of her debt, the amount of arrears. This letter also gave Ms. Grosz full disclosure of her rights and liabilities consistent with the FDCPA and other laws. (*See* Exhibit A, June 3, 2011 letter from FCI to Eva Grosz.) This information is precisely what is called for under Section 809 of the FDCPA. 16 U.S.C. § 809 *et seq.*

Even though Ms. Grosz received all required notices under the FDCPA, on January 3, 2012, she filed this action and purports to represent a class of all individuals who received initial debt collection notices and/or letters from FCI in alleged violation of the FDCPA in 2011. Though it has been more than seven months since Ms. Grosz filed her purported class action complaint, she has not moved to certify a class.

After serving the complaint, Ms. Grosz propounded 16 interrogatories and 13 requests for production of documents. (*See* Ex. B, Plaintiff's First Set of Requests for Interrogatories, and Requests for Production of Documents.) Several of the demands, however, go well beyond the facts concerning the notices FCI sent to Ms. Grosz, and seem designed to justify class certification, before it has even been established that FCI violated the FDCPA with respect to its communications with Ms. Grosz.

By this letter, FCI seeks to stay discovery on four of the 16 interrogatories (Interrogatory Nos. 1, 2, 3, and 4) and any document demands that seek information concerning others potential class members with whom FCI has corresponded. FCI respectfully requests that the Court stay discovery on class issues until such time as a ruling has been entered on the Defendant's motion for summary judgment.

### Grounds for Relief

Ms. Grosz's claim should be summarily dismissed. Plaintiff brings this proposed class action as representative of a class consisting of all recipients of collection letters and notices that FCI sent to Ms. Grosz on November 20, 2011 and December 9, 2011. Yet the notices FCI sent to Ms. Grosz date from June 3, 2011, and demonstrate that she received all information required under the FDCPA. Accordingly, FCI intends to file a motion for summary judgment to dismiss this action of the close of discovery relevant to Ms. Grosz.

Ms. Grosz will not be prejudiced by limiting the scope of discovery at this stage to her individual claim. To date, FCI has produced all of the correspondence between Ms. Grosz and FCI, the file prepared in connection with Tenuh's hiring of FCI to service Ms. Grosz's loan, and

Viktor V. Pohorelsky
United States Magistrate Judge
Page 3

communications between FCI and Tenuh. Furthermore, if this Court should deny FCI's request to stay discovery on class issues, FCI will respond in all haste to provide the requested material.

FCI realizes that its prior counsel's failure to attend Court ordered conferences cannot be justified. However, it would not serve the interests of justice to prejudice FCI for its attorney's misconduct. Mr. Rosengarten did not disclose to FCI that he had missed appearances and deadlines, nor did he disclose to FCI that the Court had entered the July 17, 2012 Order barring FCI from objecting to discovery. Since learning of Mr. Rosengarten's errors, we have acted quickly to rectify prior counsel's errors, and responded to the discovery demands.

Given the weakness of Ms. Grosz's individual claims, the lack of prejudice to Ms. Grosz, and the egregiousness of Mr. Rosengarten's prior neglect of the defense, FCI submits that the interests of justice require the Court to limit discovery beyond Ms. Grosz's individual claim under the FDCPA until it has been tested on summary judgment.

Respectfully submitted,

Leah Mary Campbell

cc:   Lawrence Katz, Esq.
      445 Central Ave., St. 201
      Cedarhurst, New York 11516
      *Counsel for Plaintiff, Eva Grosz*