UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------
EVA GROSZ,

                                                                                         CV 12-0006 (AR)(VVP)

                                Plaintiff,

       against

FCI LENDER SERVICES, INC.,

                                Defendant.
---------------------------------------------------------------------

DEFENDANT FCI LENDER SERVICES, INC.'S
OBJECTIONS TO THE AUGUST 22, 2012 ORDER OF
MAGISTRATE JUDGE VIKTOR V. POHORELSKY
PURSUANT TO FRCP § 72

       Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Defendants FCI Services, Inc. ("FCI") by their attorneys Katten Muchin Rosenman LLP, submit this Objection to the August 22, 2012 Order of Magistrate Judge Pohorelsky, which denied FCI's request to stay discovery on class issues.

## BACKGROUND

       1.       The August 22, 2012 Order

       Katten Muchin Rosenman LLP first appeared for FCI in this action on August 22, 2012, after FCI replaced its prior counsel, Solomon Rosengarten. Under the aegis of its prior counsel, FCI missed at least two deadlines to produce discovery. As a result, Magistrate Judge Pohorelsky ordered that:

> No information or documents may be withheld from disclosure on
> the basis of any objection, all objections having been waived by
> the failure timely to respond to the above discovery requests.

(Ex. A, July 17, 2012 Order.) Consistent with that Order, FCI began producing documents and responses to interrogatories on August 16, 2012. Though FCI acknowledged that it had waived its objections, by letter motion dated August 17, 2012, FCI sought to stay discovery on class issues until after summary judgment on the Plaintiff's claims. By Order entered on August 22, 2012, Magistrate Judge Pohorelsky denied the request to stay class discovery. (Ex. B, Aug. 22, 2012 Order.)

FCI now objects to so much of the August 22, 2012 Order that denied FCI's request to stay class discovery.

2.    The Purported Class Action Complaint

This matter involves a putative class action complaint against FCI for violations of the Fair Debt Collections Practices Act ("FDCPA"). As the Complaint is currently pleaded, Plaintiff purports to represent a class of consumers who received "<u>initial debt collection notices and/or letters</u>" similar to two letters FCI sent to Plaintiff on November 20, 2011, and on December 9, 2011. (Compl. at ¶ 11; Compl. Ex. A.)

Plaintiff alleges the November 20, 2011 letter is "the first time [FCI] communicated" with the Plaintiff. (Compl. at ¶ 23.) According to Plaintiff, this "first communication" violates the FDCPA because (1) it failed to inform the consumer in writing of various rights commonly referred to as 30 day notice, or to inform the consumer of the name of the current creditor and the amount of the debt; and (2) that this "first communication" in November "overshadowed" the notice given by suggesting that defendant had the right to commence litigation against the Plaintiff and that the litigation was imminent. (Compl. at ¶ 24.) The "overshadowing" language in these "first" communications is, presumably, the language "we are left with no other

alternative but to initiate legal proceedings against you." The sole cause of action in Plaintiff's Complaint is that the communications sent to the Plaintiff by FCI violated the FDCPA.

There are no other relevant issues in this case.

FCI contends that the allegations in the Complaint are materially incorrect in three ways. *First*, as Plaintiff concedes, the letters submitted as Exhibit A to the Complaint were not the "first" time FCI communicated with Plaintiff. The first communication FCI had with Plaintiff was by letter dated June 3, 2011. (Ex. C, two letters dated June 3, 2011 from FCI to Plaintiff.) *Second*, the June 3, 2011 letters did not contain the allegedly overshadowing language. *Third*, the June 3, 2011 letters did contain the required 30 days notice, did name the current creditor as "Tenuh Services, Inc.," did set forth the amount of the debt and the amount then due.

Plaintiff has not moved for class certification.

3.   The Purported Class Discovery

Even though FCI provided the June 3, 2011 communications to Plaintiff's counsel when it made its Rule 26 disclosures, Plaintiff did not amend the Complaint, and continues to purport to represent a class of consumers whose "initial debt collection notices and/or letters" are entirely unlike the "initial debt collection" notice she received. Plaintiff, furthermore, continues to demand class discovery,[1] in the form of the names and contact information, for those people who

---

[1] Plaintiff's First Set of Requests for Interrogatories and Requests for Production of Documents are attached hereto as Exhibit D.

is the language "we are left with no other alternative but to initiate legal proceedings against you."[2]  (Ex. D, Pls. Interrog. No. 1.)

As Plaintiff's Interrogatory No. 1 is currently drafted, it pulls within its scope anyone who has received letters containing the language complained of, whether it was the first communication from FCI, or the fiftieth.  Plaintiff, however, <u>cannot</u> purport to represent the former class, and she <u>has not pleaded</u> a claim for violation of the FDCPA in the latter class.  Nevertheless, Interrogatory No. 1 (and its corollary document demand) is the entire scope of class discovery in this case.

To date, FCI has provided all of its files related to the Plaintiff, and related to Plaintiff's lender.  FCI has provided information concerning its net worth in the years Plaintiff demanded, and has given Plaintiff the number of consumers who received the "overshadowing" language at any point in time within in the year before the Complaint was filed, which "overshadowing" language Plaintiff now concedes was not contained in FCI's first communication to her.  By this Objection, however, FCI respectfully requests, in the spirit of judicial economy, efficiency and overall practicality, this Court intervene and limit class discovery.

## **ARGUMENT**

A. <u>The FDCPA Violation Can Be Determined Without Further Discovery</u>

Whether a letter is hard to read and whether statements in the letter violate of the FDCPA are questions that this Court can either resolve as a matter of law.  *Miller v. Wolpoff & Abramson, L.L.P*, 321 F.3d 292, 309–11 (2d Cir. 2003).  All parties agree that, in regard to

---

[2] Similarly, in Req. for Prod. No. 11, Plaintiff demands all documents relating to the formation of the language "we are left with no other alternative but to initiate legal proceedings against you."

whether defendant's letters are hard to read, this Court must apply "least sophisticated consumer" test is an objective standard that "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *see also Schweizer v. TransUnion Corp.*, 136 F.3d 233, 237 ("The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice.").

The FDCPA is a strict liability statute and FCI's letters on their face either violate the FDCPA or they do not. Therefore, the only relevant inquiry consists of looking at defendant's letters and deciding if they comport with the guidelines laid out by 15 U.S.C. § 1692g. Class discovery cannot shed light on these issues, and no prejudice will result to either party if this Court rules on a summary judgment motion by FCI.

All of FCI's communications with the Plaintiff have now been provided, and the Court may review whether the FDCPA has been violated on summary judgment.

B.  Class Discovery Should be Staged, If it is Had

The discovery demands to which FCI objects concern themselves entirely with the identity of potential class members when the scope of the class is still murky and undefined. Defendant concedes that, at some time in the future, class certification may be relevant and have continually attempted to comply with Plaintiff's requests. However, at this point, the stance of this case clearly calls for this Court to stay discovery and rule on a motion for summary judgment prior to pressing the class certification issue.

Class actions are expensive to defend. A decision that the claim of the named plaintiffs lacks merit ordinarily, though not invariably, disqualifies the named plaintiffs as proper class representatives. The effect is to moot the question whether to certify the suit as a class action

unless the lawyers for the class manage to find another representative. In these circumstances, the better course may be for a court to rule on a pending motion for summary judgment before ruling on a motion for class certification, "particularly since [Plaintiff] never moved to certify the purported class." *Christensen v. Kiewit-Murdock Inv. Corp.,* 815 F.2d 206, 214 (2d Cir.1987).

The case at bar is the exact type of situation that calls for staying discovery and ruling on summary judgment, prior to deciding the class certification issue. Defendant's intent, net worth, and the class size information, are all irrelevant issues if this Court rules that FCI's letters are not hard to read and thereby do not violate the FDCPA. In the spirit of judicial economy, efficiency and overall practicality, this Court should stay discovery and rule on whether Plaintiff's claim has merit, before full class discovery is had.

WHEREFORE, Defendants, FCI Lender Services, Inc. respectfully requests that this Court (1) Order plaintiffs to appear for deposition without continuance; (2) schedule summary judgment to be fully briefed by November 30, 2012; and (3) stay discovery on class issues pending the ruling on summary judgment; and (4) for such further relief as this Court deems appropriate and just.

Dated: September 10, 2012

                                                         **KATTEN MUCHIN ROSENMAN LLP**

                                                         /s/
                                                    _____
                                                    Leah Campbell (LC 7456)
                                                    KATTEN MUCHIN ROSENMAN LLP
                                                    575 Madison Avenue
                                                    New York, NY 10022-2585
                                                    Tel: 212 940-6540
                                                    Fax: 212 940-8776
                                                    leah.campbell@kattenlaw.com

To:    Lawrence Katz, Esq.
        445 Central Avenue Suite 201
        Cedarhurst, New York  11516