LAW OFFICES OF
# LAWRENCE KATZ
445 CENTRAL AVENUE
SUITE 201
CEDARHURST, NEW YORK 1I516

| TELEPHONE | lkatz@lawkatz.com | FAX |
|---|---|---|
| (516) 374-2118 | | (516) 706-2404 |

September 24, 2012

VIA ECF ONLY
Honorable Allyne R. Ross
United States District Court Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  **Grosz v. FCI Lender Services, 12 CV 0006 (ARR)(VVP)**

Dear Judge Ross:

  Plaintiff is writing in response to the objections filed by the defendant to the August 22, 2012 order of Judge Pohorelsky.

  In reviewing the objections it is clear that the defendant's main thrust is that it should be permitted to move for summary judgment and that discovery should be stayed.  In fact the August 22, 2012 order was based upon the prior orders of the Court- one made in May and the other made in June- and that the time for objecting to those orders has long passed.  While the August 22nd order was actually a denial of Request to Stay Discovery pending the defendants moving for summary judgment, Judge Pohorelsky denied that motion in large part because the time for such a request had long ago passed.

  Further at no time, even up until the present, has the defendant properly requested a pre-motion conference for the making of a summary judgment motion which is required by the local rules of this Court.  However a fair reading of the defendant's objection is that it wishes to now make a summary judgment motion and in fact within the objections has requested that there be a schedule set for the making of such a motion.  It is also clear that while the objections are to an order which denied them a stay of discovery they are actually seeking to essentially expedite the taking of the deposition of the plaintiff Eva Grosz.  The objections are a hodgepodge of requests but at the core of the request is the defendant's contention that it will prevail in the motion for summary judgment which it is prepared to make at this time and therefore discovery should be stayed.  Given this position it is puzzling that defendant would seek discovery by deposing the plaintiff.

1

Plaintiff through her counsel has discussed with counsel for the defendant that the letters attached as the exhibit in its motion are in violation of the Fair Debt Collection Practices Act. Plaintiffs pointed out what is patently obvious and in fact clearly alleged in the Complaint. While the Complaint referred to an exhibit which defendant indicates is not in fact the initial letter despite its containing a 30 day notice the letter which defendant claims was the initial communication, a letter dated June 3, 2011, in fact does not satisfy the requirements of the statute.

The statute requires that the debt collector name the current creditor and in fact indicate the amount that is owed. In looking at the exhibit attached to defendant's motion one can plainly see that it fails to indicate who the current creditor is. Defendant has indicated to counsel for the plaintiff that the company Tenuh was in fact the creditor of the debt at the time the defendant communicated with the plaintiff. In order to satisfy the statute, assuming Tenuh is the creditor, somewhere within the letters it must be clear that Tenuh is in fact the creditor. The name Tenuh appears twice within the letter captioned "TRANSFER OF SERVICING LETTER". The letter states within the first paragraph "Please be advised the effective June 1, 2011 the servicing of your mortgage loan with Tenuh Servicing, Inc., secured by a Deed of Trust/Mortgage on real property, has been assigned to FCI Lender Services, Inc." The next paragraph indicates the assignment, sale and/or transfer of the servicing of the mortgage loan do not affect any terms or condition of the mortgage instruments, other than terms directly relating to the servicing of your loan. Later the letter states your present(sic) Servicer is Tenuh Servicing, Inc. Plaintiff can find the name Tenuh Servicing nowhere else within these documents.

The attachment consists of more than one letter. Nonetheless, the requirements of the statute could be satisfied by using mere than one letter to communicate the required information, i.e. one letter might contain the amount of the debt and another letter might contain the name of the creditor. In this case there is a letter that is entitled "TRANSFER OF SERVICING LETTER" and it clearly states that the servicing of the loan is now with FCI Lender Services, Inc., the defendant. It also very clearly states that the second servicer or perhaps more correctly the past servicer was named Tenuh Servicing, Inc. It would seem clear from that letter that the servicing of the loan has changed. It has changed from being with Tenuh Servicing to now being with FCI Lender Services, Inc. Of course this does not mean that Tenuh Servicing is the current creditor of the loan. This is not an unreasonable interpretation of this letter. In fact it is exactly what the letter informed the consumer of, namely the transfer of services. This first letter consists of four pages that are numbered one of four, etc. Nowhere else within these four pages does the name Tenuh appear.

In another letter dated June 3 which may or may not have been sent within the same envelope or at the same time the amount of the debt is given in a letter entitled "LATE PAYMENT NOTICE." Nowhere in this letter does the name Tenuh Servicing appear. However within the 30 day notice contained within the requirement under 1692(g)(3) it states, "If the original creditor is different from the current creditor ( Lender Services, Inc., as Servicing Agent)..." The letter makes no reference to Tenuh Servicing whatsoever and the only reference to the current creditor indicates the name of the defendant. Taking the entire document into account it is impossible for anyone let alone the least sophisticated consumer to know from these documents that Tenuh Servicing is the current creditor.

The statute simply requires a debt collector to clearly name the current creditor of the debt.  That could have been done by saying the current creditor is Tenuh Servicing if in fact Tenuh Servicing was the current creditor.  It does not do so and there is no way to know from the communication that was sent by FCI Lender Services, Inc. to the consumer Eva Grosz that in fact the current creditor is Tenuh Servicing.

Plaintiff also argues within its Complaint that the amount of the debt was not stated.  The only indication of what is owed here is stated within the letter of June 3rd which is one page.  It indicates that you have missed a scheduled payment and further says principal balance: $500,000.00; other due: $0.00; payments due: $36,616.39; late charges due: $0.00; please remit: $36,616.39.  What is the amount that is owed?  That is the question that needs to be answered by the information given.  If one looks at this letter it is impossible to conclude what in fact is owed.  This is actually made abundantly clear by the notice given within the letter.  It states, "The law does not require us to wait until the end of the 30 day period before suing you to collect this debt."  How much are they going to be suing Ms. Grosz for?  Would it be $36,616.39? Would it be $500,000.00 or would it be something more than $500,00.00 since $500,000.00 is only the principal balance and as "even the least sophisticated consumer knows" mortgages incur interest and late charges, in addition there is the matter of the $36,616.39.  It would seem reasonable to conclude and perhaps it is the only reasonable conclusion that by paying $36,616.39 the loan would be made current.  Although that is not explicitly stated it might very well be reasonably implied but how much would be owed after the $36,616.39 is paid?  There is no way to know and it is certainly not likely that while the principal balance is $500,000.00 there are no additional amounts owed.  More importantly it is not clear from this letter.  Again it is a simple matter of telling somebody what it is that is owed without confusing the issue.

The fact that the FCI Lender Services indicates that it may sue you makes very clear that it is not simply seeking the amount of $36,616.39.  It is certainly reserving its rights if you do not pay to sue for an amount far greater than the $36,616.39.

Defendant faults Plaintiff Eva Grosz for thinking that the first time she got a 30 day notice was in a letter dated December 9, 2011.  Of course the law is very clear that a 30 day notice is to be given within five days of the initial communication.  It seems logical then to assume that one would have gotten a 30 day notice within five days of the initial communication.  Part of the wrongs alleged within the Complaint of the plaintiff was that in fact she has received communications considerably before five days of the sending of the 30 day notice dated December 9, 2011.  If plaintiff has made a mistake it is at least in part due to the fact that the defendant sent a 30 day notice when it should not have.  In fact according to the defendant on December 9, 2011 Ms. Grosz had no right to dispute the debt whatsoever and in fact that notice is made even more deceptive by the fact that it includes a provision which indicates that although the FCI might very well sue within the 30 days if Ms. Grosz sent a written dispute the law would require them to suspend their efforts through litigation or otherwise.  According to the defendant that is a false statement.  The consequence of this is possibly failing to timely answer a foreclosure action.

The letter of December 9th also indicated that FCI was left with no other alternative but

3

to initiate legal proceedings. The first sentence of the letter in bold indicated "YOUR IMMEDIATE ATTENTION IS REQUIRED TO AVOID FURTHER COLLECTIONS ACTIONS." It is reasonable to assume that the further collection actions were the initiation of legal proceedings. This is a violation of the FDCPA. A threat of litigation is no small matter when someone is facing the possibility of foreclosure but in fact on December 9, 2011 the defendant had no intention whatsoever of bringing an action and if the defendant would answer the questions in the interrogatories it would become very clear that in fact they had no such intention. They were never given any authority to do so. In fact this mortgage is a second mortgage. In addition under New York state law Ms. Grosz would have been entitled to a 90 day notice which she had never received from FCI. No foreclosure action can proceed without a 90 day notice.

Nonetheless if FCI wishes to have the issue of liability tried first that is perfectly fine with the plaintiff provided that upon the decision of the Court within five days they provide a list of all the class members, and further since defendant is seeking a stay in discovery it cannot at the same time take the deposition of the plaintiff.

Sincerely,

*s/Lawrence Katz*
Lawrence Katz